UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID ROBERTS, individually and as the representative of a class of similarly-situated persons, | Case No. 16-cv-4676 |
| Plaintiff, | CLASS ACTION COMPLAINT |
| v. | |
| DONALD J. TRUMP FOR PRESIDENT, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

Plaintiff, David Roberts ("Plaintiff"), individually and on behalf of all others similarly situated, brings this class action complaint against defendant, Donald J. Trump For President, Inc., a principal campaign committee for Donald J. Trump, to stop its practice of sending unsolicited text messages in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and to recover statutory damages and other relief for all those who received such text messages. Plaintiff's allegations are based on information and belief and the investigation of his counsel, except those pertaining to his own actions, which are based on personal knowledge.

# INTRODUCTION

1. Donald J. Trump ("Trump") is a Presidential Candidate who began running for election in 2015. Donald J. Trump For President, Inc. (the "Trump Committee" or "Defendant") is the principal campaign committee for Trump's presidential campaign, and registered as such with the Federal Elections Commission on June 29, 2015.[1]

2. The Trump Committee sent (or directed or caused to be sent on its behalf) text messages to the wireless telephones of Plaintiff and other similarly-situated persons without their prior express consent and without providing the proper disclosures in violation of federal law.

3. According to a 2012 study by the Pew Research Center, 69% of cellular users who use text messaging receive unwanted text message spam, and "[o]f those texters, 25% face problems with spam/unwanted texts at least weekly." (Source: http://www.pewinternet.org/2012/08/02/mobile-phone-problems (last visited: November 20, 2015.)) Plaintiff is such a person who receives unwanted text messages.

---

[1] http://docquery.fec.gov/pdf/501/201506299000000501/201506299000000501.pdf

4. The Trump Committee's text messages caused consumers actual harm, not only because the consumers were subjected to the aggravation that necessarily accompanies mobile spam, but also because many consumers pay their cell phone service providers to receive text messages, and the messages diminish battery life, waste data storage capacity, and are an intrusion upon privacy and seclusion.

5. In order to redress these injuries, Plaintiff brings this class action lawsuit under the TCPA, which specifically prohibits unsolicited calls to cell phones, and Plaintiff does so individually and on behalf of the class of similarly-situated persons described below, seeking: (1) an award of statutory damages for each violation of the TCPA; (2) an injunction mandating that Defendant cease and desist sending text messages, using an automatic dialing system, without prior express consent; and (3) all other appropriate relief under the circumstances.

6. As will be discussed, the Trump Committee has sent text messages to consumers without their prior express consent to receive such text messages, without providing the disclosures required by the TCPA, and in a manner that violates the privacy rights of Plaintiff and

the other class members. The TCPA is intended to prevent calls and messages like the ones described within this Complaint.

## JURISDICTION AND VENUE

7. Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 because Plaintiff's claims arise under the TCPA, a federal statute.

8. Personal jurisdiction exists here because a substantial portion of the wrongdoing alleged in this complaint took place in or was directed toward the State of Illinois, and Defendant has transacted business and made or performed contracts substantially connected with the State.

9. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b)(2), because a significant and substantial portion of the events at issue took place here.

## PARTIES

10. Plaintiff is an individual who resides in Aurora, Illinois.

11. Donald J. Trump For President, Inc., the Trump Committee, is the "principal campaign committee" for the Trump presidential campaign, was registered with the Federal Elections Commission on

June 29, 2015, and is located at 725 Fifth Avenue, New York City, NY 10022.

## FACTS

12.  Short Message Service ("SMS"), more commonly known as "text messaging," is a popular means for communicating among cellular/wireless subscribers ("cellular" or "wireless" phones). SMS messages are directed to a wireless device using the telephone number assigned to the device. When an SMS message is successfully made, the recipient's wireless phone rings, alerting him or her that a message is being received. As wireless telephones are inherently mobile and are frequently carried on their owner's person, the called party may receive SMS messages virtually anywhere in the world.

13.  The most common form of texting is person-to-person messaging, but text messages may also be used by automated systems to facilitate the ordering of products and services from cellular phones or for participating in contests or other marketing programs.

14.  Political campaigns continually seek cost-effective ways to mass market their candidates to build support, solicit donations, and disseminate their political agendas.

5

15. Text messages use the technology (cellular phones) owned and paid for by the recipients, who often incur a charge for each incoming text message regardless of whether the message was authorized.

16. At issue here, the Trump Committee sent (or caused to be sent) text messages to cellular phone users—including Plaintiff and the other members of the putative class—to promote Defendant's political campaign.

17. Under the TCPA, it is unlawful to send SMS or "text" messages using an automatic telephone dialing system, as defined by the TCPA, to wireless telephones without the recipient's prior express consent.

18. Under the TCPA, the Federal Communications Commission ("FCC") has the authority to issue rules and regulations for the implementation of the TCPA.

19. The FCC issued a Declaratory Ruling that acknowledged the "costly" and "particularly intrusive" nature of unwanted text messages, stating, "Month after month, unwanted robocalls and texts, both

telemarketing and informational, top the list of consumer complaints received by the Commission."[2]

20. On October 21, 2014, the FCC issued Enforcement Advisory No. 2014-04, specifically "Warning Political Campaigns and Promoters Against Robocall Abuse," including text messaging improprieties.[3]

21. The FCC's Enforcement Bureau reminded political campaigns and calling services about the "clear limits" on the use of autodialed text messages. *Id.* Autodialed calls including text messages "to cell phones" … "are prohibited, subject only to two exceptions: 1) calls made for emergency purposes, and 2) calls made with the prior express consent of the called party." *Id.*[4]

---

[2] *See* In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Declaratory Ruling and Order, CG Docket No. 02-278, ¶1 (FCC July 10, 2015).

[3] https://apps.fcc.gov/edocs_public/attachmatch/DA-14-1505A1.pdf

[4] *Id.* (citing *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Declaratory Ruling, 23 FCC Rcd 559, 565, para. 10 (2008) (concluding that creditors and debt collectors claiming prior express consent to deliver prerecorded voice or autodialed calls to cell phones are responsible for demonstrating such consent was granted); *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Report and Order and Third Order on Reconsideration, 21 FCC Rcd 3787, 3812, para. 46 (2006) (with respect to junk faxes, concluding that "[i]n the event a complaint is filed, the burden of proof rests on the sender to demonstrate that permission was given").

## The Trump Committee's Unlawful
## Text Messages to Plaintiff and the other Class Members

22. Plaintiff is, and at all times mentioned herein was, the subscriber of his cellular telephone number ending in 0947 (the "0947 Number").

23. The 0947 Number is, and at all times mentioned herein was, assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

24. The Trump Committee devised and implemented a campaign marketing strategy that includes the transmission of text messages through the use of an automatic telephone dialing system.

25. On or about March 10, 2016, the Trump Committee transmitted or caused to be transmitted the following text message to the 0947 Number:

> Reply YES to subscribe to Donald J. Trump for President. Your subscription will help Make America Great Again! Msg&data rates may apply.

26. The source of the above SMS message was identified as "880-22".

27. The following image is a screenshot of the offending SMS message Plaintiff received at the 0947 Number on March 10, 2016, at 12:30 p.m. CST:

8





28. The source of the above message, "880-22", is an SMS short code leased by the Trump Committee or the Trump Committee's agent(s) or affiliate(s), and is used for operating the Trump Committee's text message marketing program.

29. Plaintiff and the Class members did not give prior express consent for the Trump Committee to send text messages to their wireless phones.

30. Plaintiff did not provide the 0947 Number to the Trump Committee.

31. Plaintiff never requested the Trump Committee to send him text messages to the 0947 Number.

32. The Trump Committee sent, or had sent on its behalf, the same or substantially the same text messages *en masse* to thousands of wireless telephone numbers or randomly generated phone numbers.

33. The Trump Committee sent these text messages to Plaintiff and the Class members using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

34. The "privacy policy" for the SMS campaign of the Trump Committee is found on the website http://www.sms-terms.com/88022.

35. The registrant of that website is Tatango, Inc. ("Tatango"), which advertises bulk-messaging-software on its website, http://www.tatango.com/sms-marketing-solutions.

36. As illustrated on the Tatango website, a person can schedule a text message to be simultaneously sent to 42,435 cellular phone numbers. *See* http://www.tatango.com/sms-marketing-solutions.

37. On information and belief, prior to sending the text messages, the Trump Committee entered into an agreement with Tatango to use Tatango's software to send thousands of text messages *en masse*.

38. Tatango offers a free guide on compliance with the TCPA.

39. On information and belief, the Trump Committee received the Tatango compliance guide or other guidance from Tatango on compliance with the TCPA, including the importance of obtaining prior express consent.

### The March 11, 2016 Chicago Trump Campaign Rally

40. A Trump "Campaign Rally" was to be held in Chicago on March 11, 2016.

41. Tickets for the rally could be obtained without charge from a business called "Event Brite." www.eventbrite.com. https://www.eventbrite.com/e/donald-j-trump-in-chicago-il-tickets-22576886074

42. In order to obtain a ticket to the Campaign Rally, hopeful attendees were required to submit a phone number to Event Brite.

43. Plaintiff provided his cell phone number to Event Brite in order to obtain a Campaign Rally ticket.

44. Event Brite did not obtain Plaintiff's prior express consent to send a text message to Plaintiff.

45. Event Brite did not obtain Plaintiff's prior express consent for the Trump Committee or anybody else to send the text message at issue to Plaintiff.

46. On information and belief, Event Brite gave Plaintiff's information to Tatango or the Trump Committee, which then used Plaintiff's cell phone number to send him the text at issue to the 0947 Number.

## CLASS ACTION ALLEGATIONS

47. Plaintiff brings this lawsuit as a class action on behalf of himself and all other similarly-situated persons (the "Class"), pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

48. The Class is initially defined as follows:

> "Every person: (1) to whom, from June 2015 to the filing of this action, defendant Donald J. Trump For President, Inc. (the "Trump Committee") sent a non-emergency telephone SMS message to the person's cellular telephone through the use of an automatic dialing system; (2) who provided his or her cellular telephone number to Event Brite to obtain a ticket to attend a Trump-related event; and (3) did not provide express consent to the Trump Committee to send an SMS message regarding Donald J. Trump's political campaign for President."

(Plaintiff reserves the right to change the proposed class definition during this litigation.) Specifically excluded from the Class are the following persons: (a) Defendant and its respective affiliates, employees, officers, directors, agents, and representatives and their immediate family members; (b) Class Counsel, including all of their employees; (c) the judges who preside over this litigation, including the members of their immediate families; and (d) all persons who make a timely election to be excluded from the Class.

49. This action is brought and may properly be maintained as a class action pursuant to Fed. R. Civ. P. 23. This action satisfies the numerosity, commonality, typicality, and adequacy requirements under Rule 23 (a). Additionally, prosecution of Plaintiff's claims separately from the Class's claims would create a risk of inconsistent or varying adjudications under Rule 23 (b) (1) (A). Furthermore, the questions of

13

law or fact that are common in this action predominate over any individual questions of law or fact making class representation the superior method to adjudicate this controversy under Rule 23 (b) (3).

50. **Numerosity/Impracticality of Joinder**: On information and belief, the Class is so numerous that joinder of all Class members is impracticable. The precise number of Class members and their addresses are unknown to Plaintiff, but can be obtained from Defendant's records or the records of third parties. On information and belief, the Class includes thousands of persons nationwide.

51. **Ascertainability:** The Class is clearly defined based on objective criteria, permitting Class members to be identified. On information and belief, the members of the Class may be identified from Defendant's records or the records of third parties.

52. **Commonality and Predominance**: There is a well-defined community of interest among the Class members and common questions of law and fact predominate over any questions affecting only individual members of the Class. These common legal and factual questions, which do not vary from one Class member to another and

may be determined without reference to the individual circumstances of any Class member, include, but are not limited to the following:

    a.    Whether Defendant (or others on its behalf) violated the TCPA by sending unauthorized text messages to Plaintiff and the other members of the Class;

    b.    Whether the equipment Defendant (or others on its behalf) used to send the text messages in question was an automatic telephone dialing system as defined by the TCPA;

    c.    Whether Defendant's conduct (or others on its behalf) constitutes a violation of the TCPA;

    d.    Whether Plaintiff and the other members of the Class are entitled to statutory damages under the TCPA;

    e.    Whether Defendant's actions were knowing or willful and, if it determines they were, whether the Court should treble the statutory damages awarded to Plaintiff and the other members of the Class; and

    f.    Whether Plaintiff and members of the Class are entitled to equitable relief, including but not limited to injunctive relief.

53. **Typicality**: Plaintiff's claims are typical of the claims of the Class because Plaintiff and all Class members were injured by the same wrongful practices. Plaintiff and the other Class members received text messages from Defendant without their express written consent and without the proper disclosures required by the TCPA. Under the facts of this case, because the focus is on Defendant's conduct, if Plaintiff prevails on his claims, then the other Class members must necessarily prevail as well.

54. **Adequacy of Representation**: Plaintiff is an adequate representative of the Class because his interests do not conflict with those of the Class members he seeks to represent. Plaintiff has retained financially-able attorneys who are competent and experienced in complex class action litigation and Plaintiff intends to vigorously prosecute this action. Plaintiff and his counsel will fairly and adequately protect the interests of the Class.

55. **Superiority**: A class action is the superior method for the fair and efficient adjudication of this lawsuit because individual litigation of each Class members' claims would be economically infeasible and procedurally impracticable. The individual damages incurred by each

Class member as a result of Defendant's wrongful conduct are too small to warrant the expenses of individual suits. The likelihood of individual Class members prosecuting separate claims is remote, and even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Individual Class members do not have a significant interest in controlling the prosecution of separate actions. Furthermore, individualized litigation would create the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual issues. Plaintiff foresees no difficulty in the management of this action as a class action. The Class members and their statutory damages may be determined based upon information maintained by or available to Defendant.

## COUNT I - VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.*

56. Plaintiff incorporates the preceding paragraphs as though fully alleged herein.

57. The Trump Committee or others on its behalf sent text messages to the wireless telephone numbers of Plaintiff and the other Class members *en masse* without their prior express consent.

58. The Trump Committee sent these text messages, or had them sent on its behalf, using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

59. The Trump Committee utilized equipment that sent the text messages to Plaintiff and other Class members simultaneously and without human intervention.

60. By sending the text messages to Plaintiff and the Class, the Trump Committee has violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of the Trump Committee's unlawful conduct, the Class members, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

61. Should the Court determine that the Trump Committee's conduct was willful or knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other Class members.

## JURY DEMAND

62. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of all claims in this Complaint so triable.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff David Roberts, individually and on behalf of the Class, requests that the Court enter an Order:

A. Certifying the Class as defined above, appointing Plaintiff David Roberts as the representative of the Class, and appointing his counsel as Class Counsel;

B. Finding that the Trump Committee violated the TCPA;

C. Awarding $500 statutory damages to all of the Class members;

D. Awarding treble damages if the Court concludes that Defendant's violations were willful or knowing;

E. Requiring the Trump Committee to cease sending text messages to wireless phones through the use of an automatic telephone dialing system without prior express consent, and otherwise protecting the interests of the Class;

F. Awarding attorneys' fees and costs as appropriate; and

n/a

G. Awarding such other and further relief that the Court deems reasonable and just under the circumstances allowed by law or equity.

>Respectfully submitted,

>DAVID ROBERTS, individually and as the representative of a class of similarly-situated persons,

>By: /s/ Phillip A. Bock
>Phillip A. Bock
>Tod A. Lewis
>James M. Smith
>BOCK, HATCH, LEWIS & OPPENHEIM, LLC
>134 N. La Salle St., Ste. 1000
>Chicago, IL 60602
>Tel: (312) 658-5500
>Fax: (312) 658-5555